IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AJAMU SAWANDI OSBORNE,

    Movant,

v.                                                                                                                    Case No. 2:17-cv-01277
                                                                                                                  Case No. 2:12-cr-00155

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant, Ajamu Sawandi Osborne's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 174]. This matter is now assigned to the undersigned United States District Judge and is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, it is hereby **ORDERED** that the referral to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on the motion.

This matter has a tortured procedural history involving numerous hearings and repeated changes in defense counsel. The Honorable Thomas E. Johnson, Chief United States District Judge, the judicial officer who presided over Defendant's criminal case, exercised tremendous patience and care to ensure that Defendant's rights were protected throughout this matter.

I.   **Relevant Procedural History**

On July 17, 2012, Defendant was charged in a single-count indictment with possession with intent to distribute a quantity of oxycodone. [ECF No. 10]. Initially, attorney Brian D. Yost ("Yost") was appointed to represent Defendant. [ECF No. 12]. On September 17, 2012, Defendant pled guilty to the charge in the indictment, pursuant to a written plea agreement. [ECF Nos. 24, 25]. Attached and incorporated into the plea agreement was a Stipulation of Facts, which stated as follows:

> On June 25, 2012, officers with the Metropolitan Drug Enforcement Network Team ("MDENT") were conducting surveillance of a residence located at 313 Park Drive in Charleston, Kanawha County, West Virginia, which is within the Southern District of West Virginia, based on information that Ajamu Sawandi Osborne ("Defendant") was inside the residence. Defendant was wanted on two outstanding warrants and officers were attempting to serve the warrants. While conducting surveillance, officers observed defendant exit the residence and get on a bicycle. Officers approached defendant and identified themselves as police. Defendant turned and attempted to flee on the bicycle and was subsequently tased by the officers. Defendant went on the ground and was detained. As defendant fell to the ground a bag containing approximately 98 oxycodone 30 mg pills fell from his shorts pocket. At the time the defendant possessed the 98 oxycodone 30 mg pills, he knew they were oxycodone and he intended to distribute them. The pills recovered from the defendant were submitted to the West Virginia State Police Crime Lab and tested positive as oxycodone, a Schedule II controlled substance.
>
> This Stipulation of Facts does not contain each and every fact known to Ajamu Sawandi Osborne and the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

[ECF No. 25, Ex. A]. The plea agreement also contained a waiver provision in which Defendant voluntarily waived his right to file a direct appeal, so long as his sentence was below or within the adjusted sentencing guideline level determined by the court,

prior to any consideration for acceptance of responsibility or any departure or variance, and also waived his right to file any post-conviction collateral attack of his conviction and sentence, including the filing of a § 2255 motion, unless such attack is based on a claim of ineffective assistance of counsel. [ECF No. 25 at 4, ¶ 10].

Defendant's plea hearing transcript [ECF No. 42] demonstrates that Judge Johnston diligently complied with all requirements of Rule 11 of the Federal Rules of Criminal Procedure and found that Defendant's guilty plea was knowing and voluntary. Although Defendant was singularly charged in his one-count Indictment, he was alleged to be part of a wider network of drug dealers. Thus, under the principle of "relevant conduct," he could be held responsible for other drug activity or conduct that was not part of his offense conduct, but was reasonably foreseeable to be connected to his criminal activity. Defendant's plea transcript indicates that Defendant had difficulty understanding the concept of relevant conduct and that he intended to challenge the same, but Judge Johnston took care to ensure that Defendant understood that he could not do so at the plea stage.

However, in discovery, Defendant had received lab reports from the State Police Crime Lab which caused him concern about the alleged mishandling of the drugs attributed as his offense and relevant conduct by law enforcement officials. Specifically, Defendant contended that law enforcement commingled the pills that fell from his person as he was being arrested with pills that were located during a search of the residence at 313 Park Drive on that same day, which were not part of his offense conduct. Thus, Defendant determined that he wanted to withdraw his

guilty plea, and a dispute apparently developed between Defendant and his counsel over that issue, which set this matter on a convoluted course involving several changes in defense counsel.

On October 30, 2012, Judge Johnston granted Yost's motion to withdraw as counsel. [ECF No. 36]. Between that date and February 4, 2014, Defendant was represented by two additional attorneys, Olubunmi T. Kusimo and Gregory J. Campbell. During that time, additional discovery was provided by the government and Defendant's sentencing hearing was continued several times. Minimal progress was made in this matter and irreconcilable differences continued to develop between Defendant and his counsel.

On February 5, 2014, Michael W. Carey ("Carey") and S. Benjamin Bryant ("Bryant") entered notices of appearance and were appointed as counsel for Defendant. [ECF Nos. 73-75]. Defendant's sentencing hearing was set for April 23, 2014. [ECF No. 76]. However, on April 11, 2014, Carey filed a motion to continue the sentencing hearing, which was granted, and sentencing was again continued to June 12, 2014. [ECF Nos. 77, 78].

Then, on June 2, 2014, Defendant, by counsel, filed a motion to withdraw his guilty plea, largely based on the alleged mishandling of the drugs involved in his case and a companion case that established his relevant conduct. Defendant claimed that the chain of custody tied to those pills was untrustworthy and, thus, the evidence was unreliable. [ECF No. 81]. Evidentiary hearings were held on that motion on July 9, 2014, and August 13-14, 2014, during which the court heard testimony from

Metropolitan Drug Enforcement Network Team (MDENT) Officer Robert Welsh, Detective Kevin Allen, and Detective Justin A. Hackney.

At the conclusion of the hearings, Judge Johnston assessed the factors to be considered for withdrawal of a guilty plea set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) and denied Defendant's motion, finding that his plea hearing substantially complied with Rule 11 of the Federal Rules of Criminal Procedure and there was no lawful basis to withdraw his plea. The court specifically found that there "was no question that the defendant possessed oxycodone on the day in question" and that there were valid factual and legal bases for his guilty plea. [ECF No. 138 at 39-40]. Judge Johnston further found that Defendant knew of uncertainties concerning the chain of custody and quantity of pills that constituted his relevant conduct at the time of his guilty plea, and that those issues were either matters for authentication at trial, or for objections based on reliability under the relaxed evidentiary standards applied at sentencing. [*Id.* at 40-41]. Additionally, Judge Johnston found that any mishandling of the drugs did not result from the officers' bad faith or bias towards Defendant, and that any errors in counting by the officers inured to the benefit of Defendant. [*Id.*]

Judge Johnston further found that Defendant had not credibly asserted his innocence, particularly in light of the admissions and acknowledgements made during his plea colloquy, which were made with the close assistance of competent counsel, and that withdrawal of the guilty plea at that late stage of the proceedings,

5

and forcing an unnecessary trial, would prejudice the government to some degree. [*Id.* at 44-46].

On October 14, 2014, the parties filed a Supplemental Stipulation of Facts, in which they agreed that Defendant's offense conduct consisted of 98 oxycodone pills, and that he was responsible for additional relevant conduct, including the controlled substances and $14,000 in cash that was recovered from 313 Park Drive on June 25, 2012, as well as quantities of drugs stemming from his involvement in drug dealing with four other individuals. [ECF No. 118 at 1-2, ¶ 1]. The Supplemental Stipulation further determined that the cash would be converted to its oxycodone equivalency at $30 per pill. [*Id.*, ¶¶ 1-2]. Defendant's total relevant conduct was stipulated to be 181 kg of marijuana equivalence. [*Id.*]

The Supplemental Stipulation further agreed that Defendant's base offense level under the Sentencing Guidelines would be 26, and the government agreed that he should receive a two-level reduction for acceptance of responsibility. [*Id.* at 2, ¶¶ 3, 5]. However, both parties acknowledged that their agreement concerning the calculation and application of the sentencing guidelines was not binding on the court. [*Id.* at 2-3].

Defendant's sentencing hearing was ultimately conducted on February 3, 2015. In calculating Defendant's total offense level under guidelines, the district court denied Defendant a two-level reduction for acceptance of responsibility, due to his "borderline frivolous" motion to withdraw his guilty plea. The court imposed a 70-month sentence, followed by a three-year term of supervised release, and a $100

6

special assessment. Defendant's Judgment to that effect was entered on February 9, 2015. Defendant filed a timely notice of appeal on February 1, 2015. [ECF No. 127].

On appeal, Defendant contended that the district court abused its discretion in: (1) denying his motion to withdraw his guilty plea; and (2) refusing to grant a two-level guideline reduction for acceptance of responsibility. The United States Court of Appeals for the Fourth Circuit affirmed Defendant's Judgment on December 7, 2015. *United States v. Osborne*, 629 F. App'x 559 (4th Cir. Dec. 7, 2015). Defendant did not file a petition for a writ of certiorari in the United States Supreme Court. Thus, his Judgment became final on or about March 7, 2016.

Defendant timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 174] on February 15, 2017. His § 2255 motion asserts the following grounds for relief:

1. Lack of jurisdiction to impose sentence because the government unlawfully expanded the scope of the indictment when it prosecuted him based upon pills that were not in his possession at the time of the offense.

2. Breach of the plea agreement by the district court for failure to grant a reduction for acceptance of responsibility as agreed to by the parties in their supplemental stipulation of facts.

3. Breach of the plea agreement by the government when, after agreeing to the reduction for acceptance of responsibility, which induced Defendant to agree to the currency conversion, the prosecutor switched gears and argued against the acceptance reduction.

4. Prosecutorial misconduct for withholding information about law enforcement officers' misconduct prior to entry of Defendant's guilty plea and eliciting of false testimony at evidentiary hearing on August 13, 2014.

7

5. Ineffective assistance of counsel by Yost for waiving suppression hearing without consulting Defendant.

6. Ineffective assistance of counsel by Campbell for failing to address law enforcement and prosecutorial misconduct; falsely informing probation officer that he had reviewed draft PSR with Defendant and submitting incomplete objections thereto; negligently failing to hire expert witness concerning proper procedures for handling of drug evidence by law enforcement officers.

7. Ineffective assistance of counsel by Carey and Bryant for failure to properly investigate and prepare for evidentiary hearing on motion to withdraw guilty plea and alleged forgery of Assistant United States Attorney Monica Coleman's ("Coleman") signature by law enforcement officers and failing to object to an inaccurate currency conversion at sentencing.

8. Conflict of interest held by Carey and Bryant because they attended the same law school as Coleman and previously worked in the same United States Attorney's Office.

9. Ineffective assistance of appellate counsel, Troy Giatras ("Giatras"), for failing to raise ineffective assistance of trial counsel claims in direct appeal.

10. Ineffective assistance by Giatras for failing to raise claim concerning improper currency conversion in direct appeal.

11. Conflict of interest by Giatras, who allegedly threatened Defendant with retaliation in written communications.

[ECF No. 174].

On November 13, 2017, the government filed a Response in Opposition to Defendant's section 2255 motion ("Response") asserting that Defendant has not demonstrated an entitlement to relief on the claims in his motion. [ECF No. 182]. Defendant did not file a reply. This matter is ripe for adjudication.

II. Discussion

   A. Claims previously raised in Defendant's direct appeal or waived by his plea agreement.

Defendant is barred from pursuing claims on collateral review that were previously litigated in his direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004). Furthermore, the failure to specifically raise appropriate claims on appeal waives them. *See United States v. Emanuel,* 869 F.2d 795, 796 (4th Cir. 1989).

Moreover, Defendant's plea agreement validly waived his appellate rights, which he acknowledged during his plea hearing. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 2011); *United State v. Wessells,* 936 F.2d 165, 167 (4th Cir.1991) (appellate waiver is effective if knowingly and intelligently made); *see also United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992); *United States v. Davis,* 954 F.2d 182, 186 (4th Cir.1992); *United States v. Wiggins,* 905 F.2d 51, 52–54 (4th Cir.1990); *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir.1989) (en banc). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," a defendant is bound by statements made under oath at Rule 11 hearing).

In his appeal, Defendant unsuccessfully challenged Judge Johnston's denial of his motion to withdraw his guilty plea based upon the alleged unreliability of evidence and misrepresentations or misconduct by the government, and the denial of

a reduction in Defendant's guideline range for acceptance of responsibility. In affirming his judgment, the Fourth Circuit found that Judge Johnston fully and correctly complied with the dictates of Rule 11, including finding that Defendant's guilty plea was knowing and voluntary, and that there was no fair and just reason to allow him to withdraw his plea. Thus, Defendant must be held to the statements and acknowledgments made during his plea colloquy that he understood the provisions of his plea agreement and the effects thereof, including the waiver provisions, and his stipulations concerning his offense and relevant conduct and proposed guideline level.

Defendant's appeal asserted that he was denied the benefit of his bargain in his plea agreement when he was refused the guideline reduction for acceptance of responsibility. Thus, his claims concerning the alleged breach of the plea agreement by either the district court or the government based upon the denial of acceptance of responsibility and the imposition of his ultimate sentence were previously addressed in his improvident appeal.

Moreover, because Grounds 1-4 of Defendant's § 2255 motion do not assert claims of ineffective assistance of counsel, they are barred by the collateral review waiver provision of his knowing and voluntary plea agreement. Accordingly, Grounds 1-4 of Defendant's § 2255 motion are barred from review in this post-conviction collateral proceeding.

B. **Ineffective assistance of counsel claims.**

Defendant's remaining claims assert that his various counsel provided ineffective assistance or proceeded under a conflict of interest. In *Strickland v.*

*Washington*, 466 U.S. 668 (1984), the Supreme Court adopted a two-pronged test to demonstrate a violation of the right to effective assistance of counsel guaranteed by the Sixth Amendment. The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was within the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier

to dispose of the claim on the ground of lack of prejudice. *Id.* at 697. All of Defendant's claims of ineffective assistance of counsel fail under this standard.

1. Attorney Yost

Defendant's claim that attorney Yost improperly relinquished his right to a suppression hearing without his consent was waived by Defendant's guilty plea. *See Tollett v. Henderson*, 411 U.S. 258 (1973) ("When a criminal defendant solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010), *quoting United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to the entry of the plea.") Thus, "[t]he guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id. quoting Tollett*, 411 U.S. at 267.

To the extent that Defendant may also be asserting that Yost's conduct resulted in his entry of an unknowing and involuntary guilty plea, the Fourth Circuit has previously ruled that Defendant's plea was knowing and voluntary and Defendant has not demonstrated that, but for the alleged errors by Yost, he would not have entered a guilty plea and would have gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In fact, Defendant admitted at his guilty plea hearing that he "had no intention [of] going to trial." [ECF No. 42 at 28]. Thus, he cannot

12

demonstrate the requisite prejudice under *Strickland* to succeed with this claim of ineffective assistance of counsel.

2. Attorney Campbell

Similarly, Defendant cannot successfully demonstrate any prejudice from alleged errors by attorney Campbell. Defendant's § 2255 motion asserts that Campbell failed to hire an expert from the West Virginia State Police Training Coordinator's Office to address issues concerning chain of custody and the handling of drug evidence, and further submitted incomplete objections to an early version of the PSR, after representing to the probation officer that he had reviewed the same with Defendant. Defendant contends that Campbell's failures prevented the court from conducting a full and fair analysis and consideration of the greater weight of the evidence at the evidentiary hearings on his motion to withdraw his guilty plea.

However, Defendant was not represented by Campbell at the evidentiary hearings. Rather, Carey and Bryant, who were his counsel at the evidentiary hearings, made the strategic decisions concerning the presentation of evidence therein. Thus, Defendant cannot demonstrate that there was a reasonable probability that, but for Campbell's alleged errors, the outcome of his proceedings would have been different.

3. Attorneys Carey and Bryant

Defendant further asserts that attorneys Carey and Bryant provided ineffective assistance by failing to properly investigate and prepare for the evidentiary hearings on his motion to withdraw his guilty plea. Specifically,

Defendant asserts that these attorneys did not investigate "what acts constitute unauthorized possession and distribution of narcotics by law enforcement officers" and that they failed to question the officers about whether printing an Assistant United States Attorney's name on a case submission form constituted criminal forgery.

Defendant's motion further states that these failures "prevented the Court from considering [whether] the officers' criminal act tainted the evidence and public reputation of the Judicial system before ruling on the petition to withdraw guilty plea." [ECF No. 174 at 20]. Defendant further asserts that Carey and Bryant failed to object to the conversion of the $14,000 in currency seized from the residence into an equivalent amount of oxycodone for sentencing purposes. [*Id.* at 17].

Again, however, Defendant cannot demonstrate the requisite prejudice arising from these alleged errors. Issues concerning the mishandling of the drug evidence were presented and considered by Judge Johnston, who clearly found that any such errors benefited Defendant. Moreover, Defendant ultimately agreed to the quantity of drugs attributed to him as offense and relevant conduct, including the currency conversion, in the Supplemental Stipulation of Facts.

    4.    Attorney Giatras

Defendant further claims that attorney Giatras provided ineffective assistance of counsel because he failed raise certain issues in Defendant's direct appeal. He claims that Giatras promised Defendant he would include a challenge to the currency conversion in the appeal, but failed to do so and, thus, denied him appellate review

14

thereof. [ECF No. 174 at 22]. As previously noted, however, Defendant agreed to the currency conversion in the Supplemental Stipulation of Facts. Thus, he cannot show prejudice from Giatras's failure to challenge it on appeal.

Defendant further claims that Giatras should have raised unspecified claims of ineffective assistance by his trial counsel in the direct appeal. However, relief on ineffective assistance of counsel claims is generally unavailable on direct appeal and should, instead, be raised in a post-conviction collateral review proceeding, such as this § 2255 motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Moreover, Defendant waived his right to file a direct appeal because his sentence was within the applicable Sentencing Guidelines range prior to any reduction for acceptance of responsibility. The denial of a reduction for acceptance of responsibility by Judge Johnston does not affect the validity of the waiver provision. Thus, with respect to Giatras's conduct, Defendant cannot establish the requisite prejudice under *Strickland*.

       5.     Alleged conflicts of Carey, Bryant, and Giatras

Defendant further asserts that attorneys Carey and Bryant represented him under a conflict of interest because they attended the same law school as Coleman, the Assistant United States Attorney who represented the government in his case. Defendant further contends that, at one time, Carey and Bryant both worked in the United States Attorneys Office in this district. However, as aptly noted by the government's brief, Carey and Bryant's attendance at the West Virginia University

College of Law and their tenure with the United States Attorney's Office did not overlap with Coleman's.

Where an actual conflict of interest exists, the defendant need not show prejudice. *Nicholson*, 475 F.3d at 249. However, as the government correctly asserts, "[m]ore than a mere possibility of a conflict of interest must be shown to sustain a claim of ineffective assistance of counsel." *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007); *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991). Defendant must establish "(1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'" *Nicholson*, 475 F.3d at 249 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 338 (1980)). An "actual conflict of interest" requires the demonstration that Defendant's interests diverged from those of his attorney "with respect to a material factual or legal issue or to a course of action." *Stephens v. Branker*, 570 F.3d 198, 209 (4th Cir. 2009). Here, Defendant has failed to demonstrate any actual conflict of interest on the part of attorneys Carey and Bryant and Defendant's assertion that there was an actual conflict of interest is patently frivolous.

Likewise, the court finds no actual conflict with respect to Petitioner's representation on appeal by Giatras. Defendant's motion asserts that Giatras wrote him a hostile letter, following the conclusion of his appeal, when Defendant threatened him with a "legal malpractice" claim. However, as Defendant's appeal had concluded, this letter cannot support a finding of any actual conflict of interest

16

during Giatras's representation. Therefore, Defendant has not asserted any valid basis for a claim of ineffective assistance of counsel based upon conflicts of interest.

Upon an exhaustive review of the record, I **FIND** that Defendant has not demonstrated a right to relief on any of the claims contained in his § 2255 motion.

### III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 174] is **DENIED** and this civil action is **DISMISSED** from the docket of the court.

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied here. Accordingly, a certificate of appealability is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: March 26, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE